IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JONES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00660-L (BT) |
| | § | |
| NFN SIMMONS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Jones, a state prisoner, filed a *pro se* civil action under 42 U.S.C. § 1983. Jones did not pay the filing fee, but he did file a motion for leave to proceed *in forma pauperis*. Having screened Jones's complaint and his motion, the undersigned recommends the Court DISMISS the complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and DENY the motion for leave to proceed *in forma pauperis* as moot.

The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of

1

the good.'" *Brown v. Megg,* 857 F.3d 287, 291 (5th Cir. 2017) (quoting *Coleman v. Tollefson,* 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)).

Jones has accrued three strikes under § 1915(g). Before filing this complaint, and while he was incarcerated as a prisoner, Jones filed at least three civil cases that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Jones v. Upcm, et al.,* No. 3:20-cv-862 (N.D. Tex. June 8, 2020); *Jones v. Cuilc, et al.,* No. 3:20-cv-1375 (N.D. Tex. June 26, 2020); *Jones v. Davis-Director TDCJ-CID,* No. 3:20-cv-1793 (N.D. Tex. July 29, 2020). Because Jones has accrued three strikes, § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). To meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *see also Banos,* 144 F.3d at 885 (Under § 1915(g), the court "must determine if danger exists at the time the *plaintiff seeks to file his complaint or notice of appeal IFP*") (emphasis in original). Allegations of past harm are insufficient to show imminent harm because the harm alleged must constitute "genuine emergencies" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Banos,* 144 F.3d at 885 (finding the prisoner had "not alleged, much less established,

that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed").

Here, Jones alleges that "these officials" of "higher rank" at the Wynn Farm in Walker County, Texas "keep putting poison in my food." Compl. 4 (ECF No. 3). He further alleges, "[t]his been happening for the last 2 years[.]" *Id.* Finally, Jones alleges that the Assistant Wardens of the Wynn Unit threatened that they would "sooner/later get [him]" because he keeps writing them up. *Id.* 3. Under § 1915(g), Jones must demonstrate that he is in imminent danger of serious physical injury at the time he filed his complaint. *See Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (per curiam). The allegations in his complaint fail to show he is in imminent danger of serious physical injury. *See Heimermann*, 337 F.3d at 782; *see also Banos*, 144 F.3d at 885. He is therefore barred from proceeding *in forma pauperis* under § 1915(g).

## Recommendation

The Court should DISMISS this civil action as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and DENY Jones's motion for leave to proceed *in forma pauperis* as moot. Such dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as presented here, but without prejudice to the refiling of this complaint with full payment of the $402.00 filing fee.

Signed March 25, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).