IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN JONES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No**. 3:22-CV-660-L-BT** |
| | § | |
| **NFN SIMMONS, NFN WARD,** | § | |
| **D. WONDERS, J. RODRIGUEZ,** | § | |
| **NFN MACEDO, NFN COLEMAN,** | § | |
| **NFN GONZALES, and NFN WALKER,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the court is Plaintiff Kevin Jones's ("Plaintiff" or "Mr. Jones") Motion for Leave to Proceed in *forma pauperi*s (Doc. 5) filed on March 22, 2022. This case was referred to Magistrate Judge Rebecca Rutherford, who entered the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (Doc. 5) ("Report") on March 25, 2022, recommending that the court dismiss this action as barred by the "three strikes" rule, 28 U.S.C. § 1915(g); and deny Plaintiff's Motion to Proceed in *forma pauperis* (Doc. 4). Plaintiff filed his objections to the Report on May 27, 2022. Although Plaintiff's objections are untimely, the court will nonetheless consider them. In his objections, Mr. Jones maintains that he initiated this action at the time of his "imminent physical injury[.]"

Mr. Jones initiated this action on March 22, 2022, pursuant to 42 U.S.C. § 1983. The Report recommends that the court dismiss this action because it is barred by the "three strikes" rule, 28 U.S.C. § 1915(g) and because Mr. Jones has failed to allege that he is in "imminent danger of serious physical injury at the time of filing the complaint." (citing *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998)) (internal quotation omitted). Before filing his objections to the Report,

**Order – Page 1**

Mr. Jones timely filed his First Amended Complaint (Doc. 6) ("Amended Complaint") on April 12, 2022, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). In his Amended Complaint, Mr. Jones alleges that he is "always in imminent serious danger" because he is incarcerated. Doc. 6 at 4. Additionally, Mr. Jones requests a new trial because he alleges that his constitutional rights were violated. *Id.* at 6.

Mr. Jones's Amended Complaint suffers the same flaw as his original complaint: the allegations fail to show that he is in imminent danger of serious physical injury. *See Banos*, 144 F.3d at 885. Mr. Jones alleges that there is imminent danger of physical harm, but he does not allege any further details. His allegations are wholly conclusory. Mr. Jones's allegations center around being unfairly written up by certain prison officials. This is insufficient to overcome the "three strikes" rule.

Having considered the pleadings, Amended Complaint, Report, objections, file, and record in this case, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court, for the reasons explained, determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action as barred by the "three strikes" rule, 28 U.S.C. § 1915(g), but **dismisses without prejudice** as to the refiling of an *in forma pauperis* complaint that raises the same claims as present here with full payment of the filing fee and allegations that Plaintiff is in "imminent danger of serious physical injury"; and **denies as moot** Motion to Proceed in *forma pauperis* (Doc. 4).

The court prospectively certifies that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court accepts and incorporates by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202

**Order – Page 2**

and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 19th day of August, 2022.

Sam A. Lindsay  
United States District Judge